JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Candese Combs

### DEFENDANTS

St. Christopher's Healthcare LLC, American Academic Health System LLC, and Paladin Healthcare Capital LLC

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 1525, Philadelphia PA 19110   215 557 9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |     Medical Malpractice | |     Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |     Sentence | |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |     State Statutes |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other | ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from Another District *(specify)*

☐ 6   Multidistrict Litigation - Transfer

☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981
Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE   NONE     DOCKET NUMBER

DATE   3/12/2019

SIGNATURE OF ATTORNEY OF RECORD   *Robert T Vance*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

19    1044

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Candese Combs | St. Christopher's Healthcare LLC, American Academic Health System LLC, and Paladin Healthcare Capital LLC |
| **(b)** County of Residence of First Listed Plaintiff   Philadelphia<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 1525,<br>Philadelphia PA 19110  215 557 9550 | Attorneys *(If Known)*<br>Unknown |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981

Brief description of cause:
Employment discrimination - race

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*    JUDGE   NONE    DOCKET NUMBER   MAR 12 2019

| DATE<br>3/12/2019 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

NIQA



19-CV-1044

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19    1044

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Philadelphia, Pennsylvania

Address of Defendant: Philadelphia, Pennsylvania

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: N/A        Judge:        Date Terminated:

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 3/12/2019        [signature] Robert T Vance Jr        37692
        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☑ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
        *(Please specify)*

**B.    Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
        *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Robert T Vance Jr        , counsel of record or pro se plaintiff, do hereby certify

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☑   Relief other than monetary damages is sought.

DATE 3/12/2019        [signature] Robert T Vance Jr        37692
        *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

CANDESE COMBS                    :     CIVIL ACTION
                v.               :
ST. CHRISTOPHER ' S              :     **19    1044**
HEALTHCARE LLC, ET AL.           :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

_3/12/2019_                 _Robert T. Vance_            Robert T. Vance Jr.
**Date**                    **Attorney-at-law**          **Attorney for**

215 557 9550                215 278 7992                rvance@vancelf.com

**Telephone**               **FAX Number**               **E-Mail Address**


(Clv. 660) 10/02

MAR 12 2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| CANDESE COMBS | : | CIVIL ACTION |
| v. | : | |
| ST. CHRISTOPHER ' S | : | |
| HEALTHCARE LLC, ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

_____        _____        Robert T. Vance Jr.
3/12/2019                                      _____
**Date**               **Attorney-at-law**    **Attorney for**

215 557 9550           215 278 7992           rvance@vancelf.com
_____        _____        _____
**Telephone**          **FAX Number**         **E-Mail Address**

(Civ. 660) 10/02

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Candese Combs | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | Jury Trial Demanded |
| St. Christopher's Healthcare LLC, | : | |
| American Academic Health System LLC | : | |
| And Paladin Healthcare Capital LLC | : | |

### *Complaint*

Plaintiff, Candese Combs, brings a series of claims against Defendants, St. Christopher's Healthcare LLC, American Academic Health System LLC and Paladin Healthcare Capital LLC, of which the following is a statement:

### *Jurisdiction and Venue*

1.     This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991).

2.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(c).

### *The Parties*

3.     Plaintiff, Candese Combs, is an African-American female citizen of the United States and a resident of this judicial district.

4.     Defendant St. Christopher's Healthcare LLC ("St. Christopher's) is a Delaware limited liability company that operates St. Christopher's Hospital for Children (the"Hospital") located at 160 East Erie Avenue, Philadelphia PA 19134.

5.      Defendant American Academic Health System LLC ("AAHS") owns or manages academic and community-based acute care hospitals.  It's principal place of business is located at 222 N. Sepulveda Boulevard, Suite 900, El Segundo CA 90245.  AAHS owns the Hospital.

6.      Defendant Paladin Healthcare Capital LLC ("Paladin"), a national healthcare management company, has its principal place of business located at 2121 Rosecrans Avenue, Suite 2320, El Segundo CA 90245.  AAHS is an affiliate of Paladin.

7.      The acts set forth in this Complaint were authorized, ordered, condoned and/or done by defendants' officers, agents, employees and/or representatives while actively engaged in the management of defendants' business.

### *Background Facts*

8.      Ms. Combs was hired by defendants as the Operating Room Nurse Manager in March 2016.  In that capacity, she reported to Edna Gilliam, a Black female and the Hospital's Director of Perioperative Services.  Ms. Combs also served as the Nurse Educator for Perioperative Services, and at times functioned as the Assistant Director of Perioperative Services.  Ms. Combs was the only Black Nurse Manager at the Hospital.

9.      At the time of her hire, Ms. Combs had over 9 years' nursing experience, having earned both her Bachelor of Science in Nursing and obtained a RN license.

10.     On November 19, 2018, Ms. Combs's employment with the Hospital was terminated when she was told that her position was being immediately eliminated.  In truth, however, her employment was terminated because of her race and in retaliation for complaining about the discriminatory and harassing actions of defendants' employees.

11.     Ms. Combs served as the Hospital's Interim Nurse Manager for the Short Procedure Unit ("SPU") in 2017, and was interested in obtaining that position as a permanent

assignment.  However, in August 2017, Ms. Combs was removed as Interim Nurse Manager for the SPU.  Joanna Horst, a White female and the Hospital's Chief Nursing Officer, told Ms. Combs that she was "not ready" to become the Nurse Manager for the SPU.

12.     Ms. Horst then hired Donna Hansel, a White female, as the Nurse Manager for the SPU.  Ms. Hansel had no prior experience as Nurse Manager.

13.     Ms. Combs was removed from the SPU Nurse Manager position because of her race.

14.     As a result of being removed from that position, Ms. Combs became a per diem employee of the Hospital, and thereby incurred significant economic damage.

15.     In December 2017, Ms. Combs returned to the Hospital as the full-time Nurse Manager for the Operating Room.  Among her responsibilities in that position was organizing the Nurse Work Schedule.

16.     At the time, Maureen Benson, a White female with approximately 30 years' experience at the Hospital, was primarily responsible for maintaining the Nurse Work Schedule.  Although she did not hold the title, Ms. Benson held herself out as the Nurse Manager for Perioperative Services.  (*See* Exhibit A attached hereto and made a part hereof)

17.     On May 4, 2018, Ms. Combs discovered that Ms. Benson was forging employee signatures in connection with approving requests for paid time off.  Ms. Combs reported Ms. Benson's actions to her superiors, and as a result, on May 7, 2018, Ms. Benson was suspended pending an investigation.

18.     On or about May 14, 2018, Ms. Gilliam was informed that two physicians had filed compliance complaint requests against Ms. Combs concerning an alleged failure to follow policy in a case involving both Ms. Combs and Ms. Benson.  After speaking with Ms. Combs

3

about the alleged incident, Ms. Gilliam concluded that the complaints filed by the two physicians against Ms. Combs were intended as retaliation against Ms. Combs for the suspension of Ms. Benson. As a consequence, Ms. Gilliam filed a formal claim of retaliation against the physicians with Kellie Pearson, the Hospital's Director of Human Resources.

19.     In addition, shortly after Ms. Benson was suspended, the nursing staff began filing grievances about the Nurse Work Schedule (which was now the sole responsibility of Ms. Combs) with their Union and the Hospital's Human Resources Department.

20.     The grievances were racially motivated and intended to retaliate against Ms. Combs for the suspension of Ms. Benson.

21.     Ms. Benson returned to work in June 2018 and was placed on probation for 6 months.

22.     On October 30, 2018, during the morning "nurses's huddle," which was attended by approximately 20 nurses, while Ms. Combs was bending over writing notes Ms. Benson kicked Ms. Combs in her rear. Ms. Combs immediately reported the incident to Ms. Gilliam, Ms. Horst and the Hospital's Human Resources Department. The incident occurred two days before the expiration of Ms. Benson's probation.

23.     On October 31, 2018, Ms. Combs called the Hospital's Ethics Hotline to report Ms. Benson's conduct. Typically, after such a call an investigation is undertaken.

24.     On November 1, 2018, a meeting was convened to discuss the October 30, 2018 incident involving Ms. Benson and Ms. Combs's report to the Ethics Hotline. In attendance were Ms. Combs, Ms. Horst, Ms. Gilliam, Ms. Pearson, Kevin Carrion, a White male and the Hospital's Human Resources Generalist, and Maria Senna, a White female and the Hospital's Interim Vice President and Chief Operating Officer.

4

25.     During the meeting, motivated by her desire to protect Ms. Benson, Ms. Horst asked Ms. Combs if she actually wanted an investigation of her Ethics Hotline complaint against Ms. Benson.  It was reported during the meeting that Ms. Benson had admitted she "lightly" kicked Ms. Combs in her rear, but considered her action to be a joke.  In contrast, Ms. Combs considered Ms. Benson's action to be racially motivated, disrespectful and demeaning.

26.     During the meeting, motivated by her desire to protect Ms. Benson and insensitive to the racially motivated and demeaning nature of Ms. Benson's actions, Ms. Senna told Ms. Combs that rather than complain about being kicked by Ms. Benson, she needed "to get tougher skin."  She also told Ms. Combs that Ms. Benson's kick was not an assault and that Ms. Combs may just have hurt feelings.

27.     At the meeting, no decision was made about whether, or how, to discipline Ms. Benson.  However, because all of defendants' employees with authority to discipline Ms. Benson had decided to protect her at the expense of Ms. Combs's dignity and rights, Ms. Benson was never disciplined for kicking Ms. Combs.

28.     After the November 1, 2018 meeting, in retaliation for the Ethics Hotline complaint against Ms. Benson and orchestrated by her, members of the nursing staff began calling the Ethics Hotline to make unfounded complaints against Ms. Combs.

29.     The Hospital's operating room staff is overwhelmingly White.  Of the approximately 100 employees that comprise the operating room staff, only 11 are Black, 6 of whom were hired by Ms. Combs in an effort to diversify the operating room staff.

30.     Ms. Combs's efforts to diversify the operating room staff were resisted by White employees and particularly long-time White employees, such as Ms. Benson.  For example, Ms. Benson characterized a relatively newly-hired Black surgical technician as "unstable" in a

conversation with Ms. Combs.  In addition, Ms. Gilliam complained to Mr. Carrion that the

operating room had "a huge diversity issue that is escalating out of control."  Despite this dire

warning, the Hospital took no action in response to her complaint.

31.     On November 1, 2018, after the meeting described above, frustrated and

unsatisfied with her superiors's response to Ms. Benson's actions, Ms. Combs notified Joel

Freedman, Chairman of AAHS and CEO of Paladin, about Ms. Benson's assault and her concern

regarding "bullying and intimidation at the hands of nursing, physician and anesthesia."   In her

email to Mr. Freedman, Ms. Combs also told him that Ms. Benson had made the racially

derogatory remark that the Hospital was "her house" and that Ms. Combs "was just a visitor."

(*See* Exhibit B attached hereto and made a part hereof)

32.     From November 2 through November 6, 2018, Ms. Combs was out from work

because of the stress she was experiencing as a result of the Hospital's failure to address the

discriminatory, harassing and retaliatory actions directed against her.

33.     On November 7, 2018, when Ms. Combs returned to work, she was summoned to

two meetings with the Hospital's Chief Executive Officer and Chief Nursing Officer about her

email to Mr. Freedman, both of whom were more concerned about how the email reflected on

their leadership than about resolving Ms. Combs's concerns.

34.     On November 9, 2018, Ms. Combs was summoned to a meeting with the

Hospital's Chief Executive Officer, Chief Operating Officer and Chief Nursing Officer,

ostensibly to improve communications.  Again, however, they were more concerned about how

the email reflected on their leadership than about resolving Ms. Combs's concerns.

35. On November 11, 2018, orchestrated by Ms. Benson, members of the operating room staff met with the Hospital's Chief Executive Officer, Chief Operating Officer and Chief Nursing Officer to complain about Ms. Combs.

36. On November 19, 2018, Ms. Combs was summoned to a meeting with Ms. Horst and Ms. Senna and told that her employment was terminated, allegedly because her position was being immediately eliminated.

37. The alleged elimination of Ms. Combs's position and the termination of her employment were motivated by her race and in retaliation for her complaints about the discriminatory and retaliatory actions of defendants' employees.

38. Ms. Combs has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendants' discrimination, harassment and retaliation.

39. Defendants harassed, discriminated and retaliated against Ms. Combs because of her race.

40. By reason of defendants' discrimination, harassment and retaliation, Ms. Combs suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

41. Defendants acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Combs's rights.

### Count I

#### The Civil Rights Act of 1866, 42 U.S.C. §1981

42. Plaintiff restates and realleges paragraphs 1-41, inclusive, as though set forth here in full.

43.     Ms. Combs had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendants and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

44.     Defendants' conduct described above deprived Ms. Combs of the rights, privileges and immunities guaranteed to her under Section 1981.

45.     By reason of defendants' conduct, Ms. Combs is entitled to all legal and equitable relief available under Section 1981.

### Jury Demand

46.     Ms. Combs hereby demands a trial by jury as to all issues so triable.

### Prayer for Relief

Wherefore, Plaintiff, Candese Combs, respectfully prays that the Court:

a.     adjudge, decree and declare that defendants have engaged in illegal race discrimination, harassment and retaliation, and that the actions and practices of defendants complained of herein are violative of her rights under Section 1981;

b.     order defendants to provide appropriate job relief to Ms. Combs, including reinstatement;

c.     enter judgment in favor of Ms. Combs and against defendants for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d.      order defendants to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Combs associated with this case;

e.      grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f.      retain jurisdiction until such time as the Court is satisfied that defendants have remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Candese Combs*

Exhibit A



# Maureen Benson, RN
*Nurse Manager, Perioperative Services*

# Exhibit B

*email to owner.*

From: **candese combs** candesec2@gmail.com
Subject: **St Christoper**
   Date: **Nov 1, 2018 at 8:55:45 PM**
      To: **joel.freedman@americanacademic.com**

Good Evening,

My apologies for reaching out to you from my personal email. My name is Candese Combs, nurse manager with St. Christopher's Hospital for Children( SCHC). I had the opportunity to meet two weeks ago outside the SCHC OR, during our brief discussion you extended the invitation that I could email if any of my concerns .

Today, is truly a sad day for me to say I am a employee of SCHC words cannot begin to express the perplexed feeling I have.Over the past year I have endure multiple levels of documented bullying ,and intimidation at the hands of nursing, physician and anesthesia.

When joining SCHC family I was excited and embraced the challenge to enhance peri operative services compliance, and standardize practice and process through diversity and continued education. So that SCHC would stand with pride among our medical community. Now I realize I have simply endure documented torture and  I am viewed as a person /employee with no value in face of promoting change.This has become evident as of 10/30/2018 when a staff nurse kick me in my buttocks with her foot during the OR morning huddle. During a meeting held on November 1st this nurse admitted to physically kicking me (management) in front of my entire unit as a acceptable laughable practice .

I am appalled and speechless as to how do I began to process that someone would actually think it is laughable or acceptable to kick another person let alone their manager as acceptable behavior and sound judgement.  I trying to process that someone has factually

violated my personal space and has  kick me in my buttocks and because I'm a manager I am rendered powerless. This nurse has never like or shown respect for position and to endure this level of disrespect is irreversible and speaks volumes to the lack of respect for management.

I have endured 3 days of pure torture and re-victimizations at the hands of, my offender and HR- who was suppose to be non-bias and the gate keeper of safety and integrity for all who are on St. Christopher's medical campus.
And to be told I need to get " tougher skin". As the nurse 's act was not an act of assault instead an act of poor judgement that may have left me with hurt emotions. Again, I'm not sure how to began to process that statement. When I posed the question if I had done this to an employee I would have been fired and escorted of campus with the possibility of  facing criminal charges? No one seem to have a response as the room was silent. How does a process move on from that?

I am personally and professionally embarrassed and concerned for my future at SCHC. At this point I'm numb and don't know how to began to accept a request of this magnitude and how to move past the violation of my civil right as a human being, employee , and manager over a nurse with embedded relationship and long tender with SCHC. I guess this nurse was correct when she stated and made it perfectly clear that "St Christopher's was her house and I was a just visitor" . This was said and witness by another manager and staff.

Personally, I don't know how to began to explain to my family about

this outcome . My family is deeply concerned for my safety and career.

During my employment I have maintain my dedication to SCHC with integrity, and professionalism. To be physically kicked and violated is quite demoralizing that has left with the feeling anguish and pain in regards to the entire situation. I don't know what I will experience next.

Thank you allowing me this opportunity.

Regards,

Candese Combs, BSN, RN
SCHC Nurse Manager for Perioperative Services
267-322-8557

Sent from my iPhone